UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:22-cr-410-MSS-AAS

JAMES JOHN HALL

**UNITED STATES' SENTENCING MEMORANDUM**

The United States files this sentencing memorandum requesting a sentence of 27 months' imprisonment for defendant James John Hall.

**I. FACTUAL BACKGROUND**

On November 2, 2022, agents with the Bureau of Alcohol, Firearms, Tobacco and Explosives were contacted by a local law enforcement agency with regards to an individual they believed had illegally made a bomb. A confidential source working with that agency provided text messages sent from the Defendant to the confidential source depicting the bomb. During the ensuing conversations, the defendant made statements that he had created the bomb and that he had intended to use the bomb to target an individual.

On November 2, 2022, the confidential source conducted a recorded controlled phone call to the Defendant at phone number (813) 312-2258 during which he/she made plans to meet with the Defendant with an undercover Pasco County Detective to purchase the pipe bomb. On November 2, 2022, a Pasco County Sheriff's Office (PSO) detective accompanied the confidential source to meet

the Defendant to purchase the pipe bomb. The detective asked if the Defendant could build an additional device in about a week.  The Defendant replied, "I got enough to build six more…now…I'm saying…depending on how big you want to go…cause, this one actually (unintelligible) has a magnet on the bottom because it was meant for somebody else. It's got a magnet…" The sale was completed.

The device the defendant sold the undercover detective was disassembled by ATF Special Agent Bomb Techs. The agent, after making preliminary findings, sent the device to ATF laboratories for additional testing. A Senior Explosives Enforcement Officer reviewed the device and determined that the device was designed to function as a weapon and would be characterized as an improvised explosive bomb. The Senior Explosives Enforcement Officer also determined that the bomb created by the defendant was a destructive device. This same Senior Explosives Enforcement officer opined that the device could cause property damage and was capable of causing serious injury or death to persons near the explosion.

The Defendant did not register the device with National Firearms Registration and Transfer Record.

## II. PROCEDURAL BACKGROUND

The Defendant was charged by a complaint filed on November 3, 2022. Doc. 1. Subsequently, on November 30, 2022, a federal grand jury issued an indictment against Hall, charging him with distribution of explosive materials, in violation of 18 U.S.C § 842 (a)(3)(B), making a firearm, a bomb, and failing to register that firearm with the National Firearms and Transfer Record, in violation of 26 U.S.C. § 5861 (f),

2

and possessing a firearm, a bomb, and failing to register that firearm with the National Firearms and Transfer Record, in violation of 26 U.S.C. § 5861 (d). Doc. 34. On April 3, 2023, Hall pleaded guilty to Count Three of the Indictment, Unlawful Making of an Unregistered Firearm. Doc. 54. Pursuant to the negotiated plea agreement, the Government agreed to dismiss the other two charges at the time of the Defendant's sentencing. Doc. 52.

## III. PRESENTENCE INVESTIGATION REPORT

On June 12, 2023, probation issued its final Presentence Investigation Report (PSR) as to the defendant. Doc. 64. The Defendant has an Offense Level of 17 after acceptance of responsibility. Doc. 64 at 8. The Defendant has a criminal history category of I. Doc. 64 at 10. The Defendant has a guideline range of 24-30 months' imprisonment for Count 3.

The United States does not have any legal or factual objections to the information stated in the PSR. The Defendant has no unresolved objections to the presentence report.

## IV. UNITED STATES' POSITION

The United States submits that Probation properly calculated Defendant's guideline range and that, with regards to Count 3, the Court should impose a sentence in the middle of the guidelines. The United States requests that this Court sentence the Defendant to 27 months on Count 3.

3

### V. SENTENCING FACTORS UNDER 3553(a)

The nature and circumstances of the offense support a middle of the guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 27 months' imprisonment is necessary to reflect to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. See 18 U.S.C. § 3553(a). In addition, a 27 months' imprisonment sentence is necessary to afford adequate deterrence, both general and specific, and to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a).

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 57 (2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

There is a significant need for the sentence the Defendant receives to reflect the seriousness of the offense in this case. The Defendant not only made a pipe bomb capable of causing damage to property and human life, but the Defendant then sold that bomb to another person. Thankfully, the device the Defendant created ended up in the hands of law enforcement, and not in the hands of someone who meant to use the pipe bomb to harm others. Law enforcement in this case stopped the Defendant before the pipe bomb could be used or sold to someone else. The United States

submits that this Court should consider the potential harm that existed in this case in assessing the seriousness of the offense, the nature and circumstances of the case, and protection of the community from future crimes of the Defendant.

A sentence of 27 months' is also necessary to provide specific deterrence to the Defendant, as well as general deterrence, to promote respect for the law, and to provide just punishment.

## VI. CONCLUSION

For all these reasons, the United States respectfully submits that a sentence of 27 months' imprisonment is reasonable, fair, and reflects the directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     */s/ Samantha J. Newman*
Samantha J. Newman
Assistant United States Attorney
United States Attorney No. 209
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: 813-301-3086
Facsimile: 813-274-6358
Email: Samantha.newman@usdoj.gov

5

**U.S. v. James John Hall**  Case No. 8:22-cr-410-MSS-AAS

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samuel Landes, Esq.

By:  /s/ Samantha J. Newman
Samantha J. Newman
Assistant United States Attorney
United States Attorney No. 209
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: 813-301-3086
Facsimile: 813-274-6358
Email: Samantha.newman@usdoj.gov

6